**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

***Attorneys for Plaintiff and the Proposed Class***

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI ANDERBERG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware corporation,<br><br>    Defendant. | Case No.: **'21 CV 1794 BAS NLS**<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

- 1-

Plaintiff Heidi Anderberg, on behalf of herself and all others similarly situated, by and through her undersigned counsel, hereby sues The Hain Celestial Group, Inc. ("Defendant" or "Hain Celestial") and, upon information and belief and investigation of counsel, alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because at least one member of the class, as defined below is a citizen of a different state than Defendant, there are more than 1,000 members of the class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

2.    The Court has personal jurisdiction over Defendant because Defendant transacts and does business within this judicial district and is committing the acts complained of below within this judicial district.  As a result, Defendant is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury in this case substantially occurred in this District.

## II.    PARTIES

4.    Plaintiff Heidi Anderberg ("Anderberg" or "Plaintiff") is a resident of La Mesa, California.

5.    Defendant The Hain Celestial Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its headquarters and principal place of business at 1111 Marcus Avenue #1, Lake Success, New York 11042.  Hain Celestial advertises as an organic and natural products company which participates in almost all natural categories with well-known brands, including Alba Botanica.  Hain Celestial manufactures its Alba Botanica brand products in Culver City, California.

### III.   FACTUAL ALLEGATIONS

6.     Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant regarding its misleading business practices with respect to the labeling, marketing, and sale of its Alba Botanica Hawaiian Sunscreen "Reef-Friendly" branded chemical (or non-mineral) sunscreens.

7.     Defendant has marketed and sold the chemical sunscreens with labeling and advertising that leads consumers to believe that the sunscreens are "Reef-Friendly."  However, the chemical sunscreens contain active ingredients that are known to damage coral reefs and other marine life.  In fact, following the 2018 bill passed by the Hawai'i Senate banning oxybenzone and octinoxate sunscreens, Hawai'i has passed a bill banning the two additional harmful petrochemicals, avobenzone and octocrylene, which are toxic to human health, coral reefs and marine species.  *See* Hawai'i Senate Bill Bans Harmful Sunscreen Chemicals - Center for Biological Diversity available at https://biologicaldiversity.org/w/news/press-releases/hawaii-senate-bill-bans-harmful-sunscreen-chemicals-2021-03-09/   (last visited October 4, 2021).  Octocrylene has also been banned in sunscreen products sold in the U.S. Virgin Islands, in Key West, Florida, and the Republic of the Marshall Islands.  See  https://www.nationalparkstraveler.org/2019/07/us-virgin-islands-bans-sunscreens-harmful-coral-reefs (last visited October 19, 2021).

8.     Research demonstrates that octocrylene can disrupt human hormones and have toxic impacts on a variety of aquatic organisms, including corals, fish and marine mammals.  Avobenzone is also an endocrine disruptor and can reduce coral resilience against the high ocean temperatures that are killing corals worldwide.  *See id*.

9.     Defendant's chemical sunscreens are sold and advertised as "Earth-Friendly" or "Reef-Friendly," yet contain avobenzone ad octocrylene, among other harmful ingredients (homosalate and octyl salicylate).  Thus, the sunscreens are being falsely advertised to consumers who are purchasing these sunscreens at a

premium with reliance on Defendant's false and deceptive language.

10. Defendant's tagline "let's make the future beautiful" is counter intuitive to Defendant creating, branding, advertising and selling a sunscreen as "reef-friendly" with known chemicals harmful to the marine environments and coral reefs.

11. By advertising "reef-friendly" and "cruelty-free," yet using active chemical ingredients that are known to cause reef and marine damage, Defendant is deceiving its customers who are relying on its representations.

12. Defendant is making a profit from consumers who are attempting to be ecologically conscious and paying a higher price for a product in order to accomplish this goal.

13. The chemical sunscreens at issue (herein after referred to as "the Products") which bear labeling and advertising stating "Reef Friendly," yet contain octocrylene and/or avobenzone are as follows:

- Alba Botanica Hawaiian Sunscreen Coconut Clear Spray 50
- Alba Botanica Cool Sport Sunscreen Refreshing Clear Spray 50
- Alba Botanica Kids Sunscreen Tropical Fruit Clear Spray 50
- Alba Botanica Sensitive Sunscreen Fragrance Free Clear Spray 50
- Alba Botanica Maximum Sunscreen Fragrance Free Clear Spray 70
- Alba Botanica Hawaiian Sunscreen Aloe Vera 30 (cream version)
- Alba Botanica Hawaiian Sunscreen Green Tea (cream version)
- Alba Botanica Soothing Sunscreen Pure Lavender 45 (cream version)
- Alba Botanica Kids Sunscreen Tropical Fruit 45 (cream version)
- Alba Botanica Sport Sunscreen Fragrance Free 45 (cream version)
- Alba Botanica Sweet Pea Sheer Shield Sunscreen 45 (cream version)
- Alba Botanica Sensitive Sheer Shield Sunscreen 45 (cream version)
- Alba Botanica Facial Sheer Shield Sunscreen 45 (cream version)
- Alba Botanica Fast Fix Sun Stick 30

14. The above Products are all substantially similar because they include

the "Reef Friendly" advertising and labeling claims.

15.    The above Products are sold at various locations throughout the US including Target and Sprouts, however have substantially different pricing depending on the store location.  For example, Alba Botanical Hawaiian Sunscreen Coconut Spray 50 sells for $11.99 at Target, however in the same shopping center, in a Sprouts, the same exact sunscreen sells for $17.99.

16.    Defendant deceptively labels, advertises and packages the Products to target a growing consumer interest in purchasing cleaner products that would not cause or potentially cause harm to coral reefs or other marine life.

17.    Many of these shoppers who tend to purchase natural or organic tend to shop at stores like Sprouts and tend to pay more for these products.

18.    Below are true and accurate photographic images from a shelf at Target selling Defendant's line of sunscreens.



CLASS ACTION COMPLAINT

19.     An image of the Alba Botanica Hawaiian Sunscreen Coconut Clear Spray 50 from that same shelf is depicted larger below.



20.     Below is the back label of the same product - Alba Botanica Hawaiian Sunscreen Coconut Clear Spray 50.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



24  21.  As shown below, the exterior of all Defendant's sunscreens displayed
25  state "Reef Friendly" on the top left in cursive writing.

26
27
28



CLASS ACTION COMPLAINT

22.    As can be seen from the first picture showing a display of Defendant's products at Target, Defendant's sunscreen products are shelved near and with mineral sunscreens that actually are known to be safe for coral reefs and marine life (Bare Republic mineral sunscreen products, Blue Lizard and All Good).

23.    Although Defendant does sell mineral sunscreens as well as chemical sunscreens, all of the packaging and labeling for Defendant's Products bear the same "Reef Friendly" labeling despite the chemical sunscreen products (the Products) containing active ingredients that are not in fact "Reef Friendly."

24.    As the entity responsible for development, manufacturing, packaging, advertising, distribution, and sale of the Products, Defendant knew or should have known that each of the chemical sunscreen Products falsely and deceptively misrepresents that the Products are "Reef Friendly."

25.    Defendant knows, knew or should have known, that Plaintiff and other economy conscientious consumers did and would rely on the labeling, packaging, and advertising before purchasing the chemical sunscreen Products, and would reasonably believe that the chemical sunscreen Products contained no ingredients that would harm coral reefs and other marine life.

26.    Plaintiff and other reasonable consumers did not know, and had no reason to know, that the chemical sunscreen Products contain ingredients that can harm coral reefs and other marine life. The Products are marketed to consumers with labeling that shows leaves of trees and the term Hawaiian is further deceiving when the chemical sunscreens are actually banned on the Hawai'i beaches.

27.    There is no disclaimer or other statement indicating that some ingredients in the Products are actually not safe for coral reefs and other marine life. Moreover, even if a reasonable consumer was to read the ingredient list, a reasonable consumer would not know whether octocrylene or avobenzone are in fact reef safe or not.

CLASS ACTION COMPLAINT

28.     Because the Products are not "Reef Friendly" as reasonably expected by Plaintiff and other consumers, Defendant's marketing of the Products was and continues to be misleading and deceptive.

29.     Moreover, by deceptively labeling and misleading consumers that the Products are "Reef Friendly," Defendant is in violation of FDA regulations, which prohibit "claims that would be false and/or misleading on sunscreen products." 21 C.F.R. § 201.327(g).

30.     Each consumer has been exposed to the same or substantially similar deceptive practices because: (1) each of the chemical sunscreen Products are advertised as "Reef Friendly" and (2) each of the chemical sunscreen Products contain at least two active ingredients, avobenzone and octocrylene, that are harmful to coral and marine life.

31.     Plaintiff and other consumers have paid an unlawful premium for the chemicals Products they were made to believe where "Reef Friendly." In fact, Defendant's Products, which are sold near mineral sunscreens that are actually reef friendly or at more natural stores are significantly more expensive than chemical sunscreens sold at CVS or Walmart and thus consumers believe the Products to be cleaner and safer.

32.     Moreover, Plaintiff and other consumers would have paid significantly less for the Products had they known that the Products contained active ingredients that would harm coral reefs and marine life. Therefore, Plaintiff and other consumers purchasing the Products suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

33.     As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from deceptively representing that the Products are "Reef Friendly." Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiff.

## V.   PLAINTIFF'S INDIVIDUAL ALLEGATIONS

34.   Plaintiff Heidi Anderberg has been purchasing Alba Botanica Hawaiian Sunscreen Coconut Clear Spray 50 as well as Alba Botanica Hawaiian Sunscreen Green Tea 45 (cream version) consistently for the past two years for personal and household use.

35.   Ms. Anderberg is eco-conscious and wanted a product that had clean chemicals and was reef-safe.

36.   After reviewing the packaging for Alba Botanica Hawaiian Sunscreen Coconut Clear Spray 50 as well as Alba Botanica Hawaiian Sunscreen Green Tea 45 (cream version), Ms. Anderberg believed the products to have clean chemicals and be reef friendly as advertised.

37.   The Alba Botanica Hawaiian Sunscreen Coconut Clear Spray 50 and Alba Botanica Hawaiian Sunscreen Green Tea 45 (cream version) purchased by Ms. Anderberg are shown below.



1

2      38.    Below is the back of the Alba Botanica Hawaiian Sunscreen Coconut

3   Clear Spray 50 and Alba Botanica Hawaiian Sunscreen Green Tea 45 (cream

4   version) respectively which were purchased by Ms. Anderberg.

5



28      39.    Both the Alba Botanica Hawaiian Sunscreen Coconut Clear Spray 50

CLASS ACTION COMPLAINT

and Alba Botanica Hawaiian Sunscreen Green Tea 45 (cream version) purchased by the Plaintiff contain the harmful ingredients avobenzone and octocrylene.

40.     Both the Alba Botanica Hawaiian Sunscreen Coconut Clear Spray 50 and Alba Botanica Hawaiian Sunscreen Green Tea 45 (cream version) purchased by Plaintiff also contain a "Reef Friendly" emblem which a consumer would reasonably believe makes the product certified as tested for toxicity on reef organisms.  The emblem is shown below.



41.     Ms. Anderberg did not know, and had no reason to know, that the products she has been purchasing consistently included active ingredients that can harm coral reefs and other marine life.

42.     Ms. Anderberg relied on Defendant's advertising boasting the products as relief friendly and Ms. Anderberg did not know that the chemicals avobenzone and octocrylene, both of which are active ingredients in the product she purchased, are harmful to coral and marine life

43.     Ms. Anderberg thus paid an unlawful premium for the product advertised as reef friendly when it in fact is not safe for coral reefs and marine life.

44.     Ms. Anderberg would not have purchased the products had the product been truthfully advertised and thus, as a result of its misleading business practices, Ms. Anderberg was harmed and suffered injury in fact and lost money as a result of

Defendant's false, unfair and fraudulent practices.

45.     Ms. Anderberg intends to, desires to, and will purchase the Products again when she can do so with the assurance that the Products' labels and advertising, which indicate that the Products are "Reef Friendly," are lawful and consistent with the Products' ingredients.

## IV.   CLASS ALLEGATIONS

46.     Plaintiff brings this class action lawsuit individually and on behalf of the proposed class under Rule 23 of the Federal Rules of Civil Procedure.

**Nationwide Class**: All persons within the United States, within the applicable limitations period, who purchased any of the Products for personal and household use and not for resale.

**California Subclass**: All persons within California, within the applicable limitations period, who purchased any of the Products for personal and household use and not for resale.

47.     Excluded from the classes are the following individuals: officers and directors of Defendant and its parents, subsidiaries, affiliates, and any entity in which Defendant has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

48.     Plaintiff reserves the right to modify or amend the definitions of the proposed class before the Court determines whether certification is appropriate.

49.     Numerosity. The members of the Class are so numerous that a joinder of all members is impracticable.  While the exact number of class members is unknown to Plaintiff at this time, Plaintiff believes the class numbers in the tens of thousands, if not more.

50.     Typicality. Plaintiff's claims are typical of the claims of the Class members because, among other things, Plaintiff sustained similar injuries to that of class members as a result of Defendant's uniform wrongful conduct, and their legal

claims all arise from the same events and wrongful conduct by Defendant.

51. _Adequacy_.  Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff's interests do not conflict with the interests of the Class members and Plaintiff has retained counsel experienced in complex class action cases to prosecute this case on behalf of the class.

52. _Commonality_. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual members of the class, including the following:

i.     Whether Defendant engaged in the course of conduct alleged herein;

ii.    Whether Defendant's conduct is likely to deceive a reasonable consumer;

iii.   Whether Defendant's conduct constitutes an unfair or deceptive act or practice;

iv.    Whether Defendant violated the consumer protection statutes set forth below;

v.     Whether Plaintiff and the class members are entitled to restitution pursuant to the UCL;

vi.    Whether Defendant's uniform acts and practices violate the CLRA;

vii.   Whether, as a result of Defendant's conduct, Plaintiff and the Class members suffered injury; and

viii.  The nature of the relief, including equitable relief, to which Plaintiff sand class Members are entitled.

53. _Predominance_. The common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's conduct.

54. _Superiority_. A class action is superior to all other available methods for

- 13-

CLASS ACTION COMPLAINT

the fair and efficient adjudication of this controversy since a joinder of all members is impracticable. Furthermore, as damages suffered by Class members may be relatively small, the expense and burden of individual litigation make it impossible for class members to individually redress the wrongs done to them. Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense presented by the complex legal and factual issues of the case to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

55. Accordingly, this class action is properly brought and should be maintained as a class action because questions of law or fact common to Class members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

56. This class action is also properly brought and should be maintained as a class action because Plaintiff seek injunctive relief and declaratory relief on behalf of the Class members on grounds generally applicable to the proposed class. Certification is appropriate because Defendant has acted or refused to act in a manner that applies generally to the proposed class, making final declaratory or injunctive relief appropriate.

**FIRST CAUSE OF ACTION**

**Violation of the California's Unfair Competition Law**

**Cal. Bus. & Prof. Code §§ 17200, _et seq._**

**_(On Behalf of Plaintiff and the Classes)_**

57. Plaintiff re-alleges and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

58. Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, _et seq_. The UCL provides, in pertinent part: "Unfair

competition shall mean and include unlawful, unfair or fraudulent business practices…"

*"Unfair" Prong*

59.    The UCL prohibits "unfair competition," which is broadly defined as including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof. Code §17200.

60.    Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

61.    Defendant has made material misrepresentations and omissions, both directly and indirectly, related to their Products advertised as "Reef-Friendly." Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful and is injurious to consumers who purchased the Products and were deceived by Defendant's misrepresentations. Deceiving consumers about the Products' impact on the environment is of no benefit to consumers.  Therefore, Defendant's conduct was and continues to be "unfair."

62.    As such, Defendant has engaged in unfair or deceptive acts in violation of the UCL.

63.    Defendant is aware of the violations but have failed to adequately and affirmatively take steps to cure the misconduct.

*"Fraudulent" Prong*

64.    Under the "fraudulent" prong, a business practice is prohibited if it is likely to mislead or deceive a reasonable consumer or, where the business practice is aimed at a particularly susceptible audience, a reasonable member of that target audience. *See Lavie v. Proctor & Gamble Co.,* 105 Cal.App.4th 496, 506-07 (2003).

65.     Defendant committed "fraudulent" business acts or practices by, among other things, engaging in conduct Defendant knew or should have known would likely to and did deceive reasonable consumers, including Plaintiff and the members of the Classes.  By relying on Defendant's false and misleading representations indicating the Products are "Reef Friendly," Plaintiff and the other members of the Class purchased the Products.  Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of the Classes.

66.     Defendant knew or should have known that its labeling and marketing of the Products would likely deceive a reasonable consumer.

67.     Plaintiff and Class members acted reasonably when they paid money for Defendant's Product which they believed to be of higher price point because of truthful representations.

*"Unlawful" Prong*

68.     Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the Consumers Legal Remedies Act and False Advertising Law.

69.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

70.     As detailed herein, Defendant's acts, misrepresentations, omissions, and practices violate the FAL, the CLRA and 21 C.F.R. § 201.327(g).  On account of each of these violations of law, Defendant has also violated the "unlawful" prong of the UCL.

71.     In accordance with California Business & Professions Code §17203, Plaintiff seeks an order: (1) enjoining Defendant from continuing to conduct business through its fraudulent conduct; and (2) requiring Defendant to conduct truthful and transparent marketing of its products.

CLASS ACTION COMPLAINT

72.     As a result of Defendant's conduct, Plaintiff seeks restitution, disgorgement, and injunctive under California Business & Professions Code §17203.

## SECOND CAUSE OF ACTION

**Violation of the California's Consumers Legal Remedies Act**
**Cal. Bus. & Prof. Code §§ 1750, *et seq.***
***(On Behalf of Plaintiff and the California Subclass for Injunctive Relief only)***

73.     Plaintiff re-alleges and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

74.     Each Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchase of such Products by Plaintiff and members of the California Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

75.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . . ." By marketing the Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Products have characteristics (i.e., are safe for reefs and other marine life) when they are not safe for reefs and other marine life. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

76.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Products are of a particular standard (i.e., safe for reefs and other marine life) when they do not meet this standard. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

77.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By labeling, packaging, and marketing

- 17-

the Products as "Reef Friendly" so that a reasonable consumer would believe that the Products are "Reef Friendly," and then intentionally not selling Products that are "Reef Friendly," Defendant has violated section 1770(a)(9) of the CLRA.

78.   Defendant also violated the CLRA by intentionally failing to disclose that the Products contain at least two active ingredients that cause or can cause damage to coral reefs and marine life.

79.   At all relevant times, Defendant has known or reasonably should have known that the Products are not "Reef Friendly," and that Plaintiff and other members of the California Subclass would reasonably and justifiably rely on that representation in purchasing the Products.

80.   Plaintiff and members of the California Subclass have reasonably and justifiably relied on Defendant's misleading, and fraudulent conduct when purchasing the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of the California Subclass.

81.   Plaintiff and members of the California Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased the Products or would have paid significantly less for the Products had they known that Defendant's conduct was misleading and fraudulent.

82.   Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts and unfair and unlawful business practices.

83.   Pursuant to Cal. Civ. Code § 1782, on October 18, 2021, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. The CLRA letter provided notice of Defendant's violation of the CLRA that demanded that Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein.

Should Defendant fail to rectify or remedy its challenged conduct within 30 days after receipt of the notice and demand letter, Plaintiff will file an amended complaint for damages under the CLRA.

84. In accordance with Cal. Civ. Code § 1780(d), Plaintiff's CLRA venue declaration is attached hereto as **Exhibit A**.

**THIRD CAUSE OF ACTION**

**False Advertising**

**Cal. Bus. & Prof. Code §§ 17500 *et seq.* and 17535**

***(On Behalf of Plaintiff and the Classes)***

85. Plaintiff re-allege and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

86. Plaintiff brings this claim individually and on behalf of the members of the Class.

87. The False Advertising Law prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

88. As detailed above, Defendant's marketing and sale of the Products as being "Reef Friendly" is likely to deceive a reasonable consumer because the Products contain ingredients that are harmful to coral reefs and other marine life.

89. In reliance of Defendant's false and misleading representations indicating the Products are "Reef Friendly," Plaintiff and the other members of the Classes purchased the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and the members of the Classes.

90. Defendant knew or should have known that its labeling and marketing of the Products is likely to deceive a reasonable consumer.

91. Plaintiff and members of the Classes request that this Court cause

Defendant to restore this fraudulently obtained money to Plaintiff and members of the Classes, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the False Advertising Law or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Classes may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### FOURTH CAUSE OF ACTION
### Breach of Express Warranty
### California Commercial Code § 2312
### *(On Behalf of Plaintiff and the Classes)*

92.    Plaintiff re-allege and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

93.    California Commercial Code § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

94.    Defendant has expressly warranted on the packaging of the Products that they are "Reef Friendly." This representation about the Products: (1) is an affirmation of fact and promises made by Defendant to consumers that the Products are in fact "Reef Friendly"; (2) became part of the basis of the bargain to purchase the Products when Plaintiff relied on the representation; and (3) created an express warranty that the Products would conform to the affirmation of fact or promise. In the alternative, the representation about the Products is a description of goods which was made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the Products' representation.

95.     Plaintiff and members of the Class reasonably and justifiably relied on the foregoing express warranty, believing that the Products did in fact conform to the warranty.

96.     Defendant has breached the express warranty made to Plaintiff and members of the Classes by selling the Products, which contain ingredients that are not reef friendly or safe.

97.     Plaintiff and members of the Classes paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the Classes had known of the true nature of the Products, they would not have purchased the Products or would not have been willing to pay the premium price associated with the Products.

98.     As a result, Plaintiff and the Classes suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CAUSE OF ACTION**

**Breach of Implied Warranty**

**California Commercial Code § 2314**

***(On Behalf of Plaintiff and the Classes)***

99.     Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

100.    California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

101.    California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

102.    Defendant is a merchant with respect to the sale of sunscreen products,

including the Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

103.   By advertising the Products with their current labeling, Defendant made a promise on the label of the Products that the Products are "Reef Friendly." But the Products have not "conformed to the promises…made on the container or label" because they are not "Reef Friendly" as outlined above. Plaintiff, as well as other California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable.

104.   Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

105.   If Plaintiff and members of the Classes had known that the Products were not "Reef Friendly," they would not have been willing to pay the premium price associated with them or would not have purchased them at all. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the Classes have suffered injury and deserve to recover all damages afforded under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Class members proposed in this Complaint, respectfully request that the Court enter a judgment in their favor and against Defendant, as follows:

A. Determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and appointing them and her Counsel to represent the Class;

B. Requiring Defendant bear the cost of Class notice;

C. Finding Defendant's conduct was unlawful as alleged herein;

D. Enjoining Defendant from engaging in the wrongful conduct complained of herein, and as to violations of the CLRA.  As to Plaintiff's CLRA claim, if

Defendant fails to take the corrective action detailed in Plaintiff's CLRA letter within thirty days of the date of the letter, then Plaintiff will seek leave to amend his complaint to add a claim for damages under the CLRA;

E. Requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

F. Awarding Plaintiff and Class members actual damages, compensatory damages, punitive damages, statutory damages, and statutory penalties, in an amount to be determined;

G. Awarding Plaintiff and Class members costs of suit and attorneys' fees, as allowable by law; and,

H. Granting such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury of all issues so triable.

DATED: October 20, 2021          Respectfully submitted,

*/s/ Ronald A. Marron*
Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
*ron@consumersadvocates.com*
ALEXIS M. WOOD
*alexis@consumersadvocates.com*
KAS L. GALLUCCI
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

***Attorney for Plaintiff and the Proposed Class***

CLASS ACTION COMPLAINT