1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| HEIDI ANDERBERG, individually and on behalf of others similarly situated,<br><br>                                        Plaintiff,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware Corporation,<br><br>                                        Defendant. | Case No.:  3:21-cv-01794-RBM-NLS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><br><br>**[Doc. 16]** |

20      On March 2, 2022, Defendant The Hain Celestial Group, Inc. ("Defendant") filed a

21 Motion to Dismiss Plaintiff Heidi Anderberg's ("Plaintiff") First Amended Class Action

22 Complaint ("Motion").  (Doc. 16.)  Plaintiff filed an opposition to the Motion on April 11,

23 2022 (Doc. 19), and Defendant filed a reply on April 18, 2022 (Doc. 20).   Plaintiff

24 subsequently filed notices of supplemental authority on June 20, 2022 (Doc. 21) and

25 August 29, 2022 (Doc. 22).  For the reasons discussed below, Defendant's Motion is

26 **DENIED**.

27 / / /

28 / / /

1

## I.   BACKGROUND

A.   <u>Procedural Background</u>

On October 20, 2021, Plaintiff filed a Class Action Complaint against Defendant on behalf of herself and others similarly situated.  (Doc. 1.)  On January 12, 2022, Defendant filed a Motion to Dismiss Plaintiff's Class Action Complaint.  (Doc. 10.)  Plaintiff subsequently filed a First Amended Class Action Complaint ("FAC") on February 2, 2022.  (Doc. 13.)  The FAC asserts the following causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (4) breach of express warranty; and (5) breach of implied warranty.  (*Id.* at 26–34.)  On March 2, 2022, Defendant filed the instant Motion requesting the Court dismiss Plaintiff's FAC with prejudice and without leave to amend.  (Doc. 16.)

B.   <u>Factual Background</u>

Plaintiff asserts that Defendant "advertises as an organic and natural products company which participates in almost all natural categories with well-known brands, including Alba Botanica," which produces sunscreen.  (Doc. 13 at 2–3.)  It is Plaintiff's position that Defendant "markets and sells chemical sunscreens with labeling and advertising that leads consumers to believe that the sunscreens are 'Reef[]Friendly', when in fact the chemical sunscreens contain active ingredients known to damage coral reefs and the marine life that inhabit them."  (*Id.* at 3.)  The FAC discusses the dangers various chemicals pose to coral reefs and states "[c]hemical sunscreens generally consist of a combination of different chemical ingredients, primarily oxybenzone, octinoxate, and avobenzone, but also include[] other chemicals such as octocrylene and homosalate" each of which "are known to cause harm to coral reefs and marine life."  (*Id.* at 8.)  Thus, Plaintiff argues that Defendant labeling its sunscreen products as "Reef Friendly" is misleading because the products "contain avobenzone, octocrylene, homosalate and octyl salicylate."  (*Id.* at 13, 19.)

Defendant counters that "[i]n 2018, Hawaii banned the use of oxybenzone and octinoxate in sunscreen based on the Hawaii Legislature's determination that these two specific ingredients are harmful to coral reefs." (Doc. 16–1 at 7 (citing HAW. REV. STAT. § 342D-21).) Consistent with Hawaii law, Defendant's Alba Botanica Hawaiian Sunscreen does not contain oxybenzone and octinoxate, which Plaintiff does not dispute. (*Id.* at 7.) Thus, Defendant argues that Plaintiff's claims are defective because "[t]he packaging of Alba Botanica Hawaiian Sunscreen does not state—or even suggest—that the sunscreen is free of avobenzone, octocrylene, homosalate, or octyl salicylate" and that "[t]o the contrary, it discloses the presence of these ingredients in the 'Active Ingredients' panel," which appears on the back of the product. (*Id.*) Defendant's "Reef Friendly" label refers to the fact that, pursuant to Hawaii law, their sunscreen does not contain oxybenzone and octinoxate. (*Id.*)

The FAC includes Plaintiff's individual allegations as well as class allegations. (Doc. 13 at 20–26.) In regard to Plaintiff's individual allegation, she explains she "has been purchasing Alba Botanica Hawaiian Sunscreen Coconut Clear Spray 50 and Alba Botanica Hawaiian Sunscreen Green Tea 45 (cream version) consistently for the past two years for personal and household use." (*Id.* at 20.) Plaintiff is "eco-conscious" and "believed the products to have clean chemicals and be reef friendly as advertised." (*Id.*) Thus, Plaintiff alleges she "paid an unlawful premium for the product advertised as reef friendly when it in fact is not safe for coral reefs and marine life" and "would not have purchased the products had the product been truthfully advertised." (*Id.* at 23.) Accordingly, Plaintiff claims she "was harmed and suffered injury in fact and lost money as a result of Defendant's false, unfair and fraudulent practices." (*Id.*) In regard to Plaintiff's class allegations, Plaintiff lists a total of fourteen of Defendant's chemical sunscreens (the "Products")[1] "which bear labeling stating 'Reef Friendly,' yet contain

---

[1] The Products include: (1) Alba Botanica Hawaiian Sunscreen Coconut Clear Spray 50, (2) Alba Botanica Cool Sport Sunscreen Refreshing Clear Spray 50, (3) Alba Botanica

3

octocrylene and/or avobenzone." (*Id.* at 14.)  Plaintiff thus brings a class action on behalf of a nationwide class and a California subclass of individuals who, within the applicable limitations period, purchased any of the fourteen products from Defendant.  (*Id.* at 23.)

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely

---

Kids Sunscreen Tropical Fruit Clear Spray 50, (4) Alba Botanica Sensitive Sunscreen Fragrance Free Clear Spray 50, (5) Alba Botanica Maximum Sunscreen Fragrance Free Clear Spray 70, (6) Alba Botanica Hawaiian Sunscreen Aloe Vera 30 (cream version), (7) Alba Botanica Hawaiian Sunscreen Green Tea (cream version), (8) Alba Botanica Soothing Sunscreen Pure Lavender 45 (cream version), (9) Alba Botanica Kids Sunscreen Tropical Fruit 45 (cream version), (10) Alba Botanica Sport Sunscreen Fragrance Free 45 (cream version), (11) Alba Botanica Sweet Pea Sheer Shield Sunscreen 45 (cream version), (12) Alba Botanica Sensitive Sheer Shield Sunscreen 45 (cream version), (13) Alba Botanica Facial Sheer Shield Sunscreen 45 (cream version), and (14) Alba Botanica Fast Fix Sun Stick 30

4

conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

When a Rule 12(b)(6) motion is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## III.   DISCUSSION

A.   Request for Judicial Notice

A court generally cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. FED. R. CIV. P. 12(d).  A court may, however, consider materials subject to judicial notice without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  Under Federal Rule of Evidence 201(b), a court may take judicial notice, either on its own accord or by a party's request, of facts that are not subject to reasonable dispute because they are (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).  A court may also take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal citations omitted). Finally, under the incorporation by reference doctrine, courts may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotations and citations omitted).  The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), so long as "the plaintiff refers extensively to the document

5

or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

Defendants request the Court take judicial notice of four exhibits: (1) images of the labeling of a lotion version of Alba Botanica Hawaiian Sunscreen (Ex. 1); (2) images of the labeling of a spray version of Alba Botanica Hawaiian Sunscreen (Ex. 2); (3) a copy of a webpage from the Hawaii State Legislature's website titled "SB132 SD2 HD1" (Ex. 3), and (4) a copy of the current version of Hawaii Senate Bill 132 (Ex. 4).  (Doc. 17 at 2.)

The Court takes judicial notice of images of the labeling of the lotion and spray versions of Alba Botanica Hawaiian Sunscreen in Exhibits 1 and 2.  *See Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1182 (S.D. Cal. 2021) ("courts addressing motions to dismiss product-labeling claims take judicial notice of images of the product packaging if they are referenced or the images are in the complaint").  The Court also takes judicial notice of copy of a webpage from the Hawaii State Legislature's website titled "SB132 SD2 HD1" in Exhibit 3 as a publicly available material taken from a "source whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b); *see U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) ("the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies") (internal quotations omitted); *see also Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG POR, 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009) ("[i]nformation on government agency websites has often been treated as properly subject to judicial notice").  Finally, the Court takes judicial notice of Hawaii Senate Bill 132 in Exhibit 4 as it is a matter of public record.  *See Stone v. Sysco Corp.*, No. 16-cv-01145-DAD-JLT, 2016 WL 6582598, at *4 (E.D. Cal. Nov. 7, 2016) (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 945 n.2 (9th Cir. 2013)) (finding "the court may properly take judicial notice of legislative history, including committee reports"); *see also Singh v. IKEA Distribution Servs., Inc.*, No. 120CV0975NONEJLT, 2021 WL 1907608, at

6

*2 (E.D. Cal. May 12, 2021), *report and recommendation adopted*, No. 120CV0975NONEJLT, 2021 WL 6775890 (E.D. Cal. June 16, 2021) (finding that "the accuracy of the Senate Bills . . . cannot be questioned" and granting judicial notice).

B.   Standing

In addition to Article III standing, a plaintiff must establish standing to bring UCL, CLRA, and FAL claims.  *See* CAL. BUS. & PROF. CODE §§ 17204, 17535; CAL. CIV. CODE § 1780(a).   These statutes require the plaintiff show that he or she has suffered an "economic injury." *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).  The economic injury requirement under the UCL is "substantially narrower than federal standing . . . which may be predicated on a broader range of injuries." *Id.* at 324; *see Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012).

Defendant argues Plaintiff "lacks standing to sue as to the twelve products she did not purchase, as she cannot establish that she 'experienced injury stemming from the purchase' of those products."  (Doc. 16–1 at 17 (quoting *Granfield v. NVIDIA Corp.*, No. 11-5403, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012).)  Defendant anticipates Plaintiff will argue she has standing to assert claims based on products that are 'substantially similar' to those she purchased.  (Doc. 16–1 at 17); *see Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908 (C.D. Cal. 2021) ("[s]ome district courts have held that a plaintiff may bring suit for any 'substantially similar' products not actually purchased").  However, Defendant claims Plaintiff will be unsuccessful because the absence of the phrase "Hawaiian Sunscreen" on the packaging "renders the majority of the challenged products fundamentally dissimilar from the two sunscreens Plaintiff allegedly purchased." (Doc. 16–1 at 17.)  "[T]he use of the phrase 'Hawaiian Sunscreen' is significant because it clarifies that the sunscreen is free of ingredients that violate Hawaii law (i.e., oxybenzone and octinoxate) and can be used by beachgoers in Hawaii." (*Id.*)  Thus, Defendant requests the Court dismiss Plaintiff's claims to the extent they seek to challenge products not labeled as "Hawaiian Sunscreen."  (*Id.* at 18.)

Plaintiff counters that she has standing to assert claims for each of Defendant's

Products because they are substantially similar.  (Doc. 19 at 20.)  "All of the Products are Defendant's chemical sunscreen products that are labeled as 'Reef Friendly,'" and "[a]ll of the Products similarly contain avobenzone, octocrylene, homosalate and/or octyl salicylate – harmful ingredients challenged in Plaintiff's FAC."  (*Id.* at 21.)  Plaintiff explains that "Defendant's argument is misguided, as Plaintiff does not challenge the Products' 'Hawaiian Sunscreen' claim.  Instead, Plaintiff alleges that the Products' 'Reef Friendly' claim is false and misleading."  (*Id.*)

The Court notes that there is no controlling authority on whether plaintiffs have standing for products they did not purchase.  *See, e.g.*, *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 921–22 (N.D. Cal. 2012).  Some federal courts have held that a plaintiff lacks standing to assert such claims.  *See, e.g.*, *Granfield*,  2012 WL 2847575, at *6 ("when a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing"); *Mlejnecky v. Olympus Imaging America Inc.*, No. 2:10–CV–02630 JAM–KJN, at *4 (N.D. Cal. Apr. 19, 2011) (dismissing claims based on products not purchased for failure to allege economic injury under the UCL).  Others "hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar."  *Miller*, 912 F. Supp. 2d at 869; *see also Brazil v. Dole Food Co., Inc.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at *8 (N.D. Cal. Sept. 23, 2013) (quoting *Lanovaz v. Twining's N. Am., Inc.*, No. 12–2646, 2013 WL 2285221, at *2 (N.D. Cal. May 23, 2013)) ("the substantially similar approach is also consistent with the Ninth Circuit's warning that courts 'should not be too rigid in applying standing requirements to proposed classes'").  Some courts have held that the standing inquiry is more appropriately resolved on a motion for class certification.  *See e.g.*, *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992–92 (E.D. Cal. 2012); *Forcellati v. Hyland's, Inc.*, 874 F. Supp. 2d 1155, 1161 (C.D. Cal. 2012).

In light of the foregoing, the Court is not inclined to dismiss Plaintiff's claims for lack of standing at this time.  (*See* Doc. 13 at 14, 21.)  To the extent this matter proceeds,

the issue may be revisited at the class certification stage.  *See Forcellati*, 876 F. Supp. 2d at 1161 (holding "we agree with the numerous recent decisions that have concluded that Defendants' argument is better taken under the lens of typicality or adequacy of representation, rather than standing"); *see also Brazil*, 2013 WL 5312418, at *8 (finding the plaintiff "has adequately demonstrated standing, at least for purposes of surviving a motion to dismiss, to assert substantially similar claims based on products that are substantially similar to the Purchased Products"); *Koh v. S.C. Johnson & Son, Inc.*, No. C-09-00927 RMW, 2010 WL 94265, at *3 (N.D. Cal. Jan. 6, 2010) (denying defendant's motion to dismiss for lack of standing and deferred ruling on the standing question until class certification).

### C. California Consumer Protection Statutes

The UCL, CLRA, and FAL, which are the basis of Plaintiff's first, second, and third causes of action, are California consumer protection statutes.  The UCL prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200.  California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices."  CAL. CIV. CODE § 1770. California's FAL prohibits any "unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17500.  "Because the same standard for fraudulent activity governs all three statutes, courts often analyze the three statutes together."  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017); s*ee, e.g.*, *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014) ("[c]ourts often analyze these statutes together because they share similar attributes"); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003) (analyzing the UCL, CLRA, and FAL together).

#### a. "Reasonable Consumer" Standard

Claims made under the UCLA, CLRA, and FAL are governed by the "reasonable consumer" standard.  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016).  Under this standard, a plaintiff

9

must "show that 'members of the public are likely to be deceived.'" *Ebner*, 838 F.3d at 965 (quoting *Williams*, 552 F.3d at 938). This standard "requires more than a mere possibility that [the] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). Rather, it must be "probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie*, 105 Cal. App. 4th at 508; *see also White v. Kroger Co.*, No. 21-CV-08004-RS, 2022 WL 888657, at *1 (N.D. Cal. Mar. 25, 2022). In general, "[t]he question of whether a business practice is deceptive in most cases presents a question of fact not amenable to resolution on a motion to dismiss." *Hairston v. S. Beach Beverage Co.*, No. CV 12-1429-JFW DTBX, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012) (citing *Williams*, 552 F.3d at 938).

In the Motion, Defendant argues Plaintiff's FAC should be dismissed because Plaintiff has not plausibly alleged that the term "Reef Friendly" is deceptive and would mislead a reasonable consumer. (Doc. 16–1 at 10–11.) Defendant contends that their labeling is not misleading because when viewed "as a whole" the packaging makes clear that "Reef Friendly" refers only to the absence of oxybenzone and octinoxate. (*Id.*) Defendant states that "[w]hatever the term 'Reef Friendly' might mean in isolation, the packaging makes clear that this term—as used on the labeling of a product marketed as 'Hawaiian Sunscreen'—refers to the absence of oxybenzone and octinoxate, the two chemicals specifically prohibited by Hawaii law." (*Id.*) Moreover, "the small, stylized 'Reef Friendly' statement does not appear by itself on the packaging of the products Plaintiff purchased. Instead, the packaging makes clear what 'Reef Friendly' means: 'no oxybenzone [or] octinoxate.'" (*Id.*)

As an initial matter, Plaintiff explains that "whether or not a reasonable consumer is misled is 'typically a question of fact not appropriate for determination [on a motion to dismiss].'" (Doc. 19 at 13–14 (quoting *Williams*, 552 F.3d at 938).) Thus, "whether

reasonable consumers would understand 'Reef Friendly' to mean that (i) the Products do not contain ingredients that are harmful to reefs, or (ii) the Products do not contain two ingredients that are harmful to reefs but contain four other ingredients that are harmful to reefs," is not a question to be decided at this time. (Doc. 19 at 16.)  However, it is Plaintiff's position that "Defendant has made material misrepresentations and omissions, both directly and indirectly, related to their Products advertised as 'Reef[]Friendly'" and that "Defendant's conduct . . . is misleading, unfair, unlawful and is injurious to consumers who purchased the Products and were deceived by Defendant's misrepresentations." (Doc. 13 at 27.)   In particular, Plaintiff argues "that the Products do not contain two harmful ingredients does not make the 'Reef Friendly' claim truthful where the Products contain four other ingredients that are harmful to reefs."  (Doc. 19 at 15.)  Moreover, Plaintiff contends that "Defendant's disclosure of the Products' active ingredients on the Products' rear label does not immunize it from liability for its false advertising that the Products are 'Reef Friendly.'"  (*Id.* at 17.)

The Court finds that whether or not a reasonable person would be misled by the "Reef Friendly" label on Defendant's Products is not fit for determination on a motion to dismiss in this case.  *See Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–35 (2007) (quoting *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1472 (2006)) ("[w]hether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer"); *see also Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) ("[t]he question of whether a business practice is deceptive in most cases presents a question of fact not amenable to resolution on a motion to dismiss"); *Rooney v. Cumberland Packing Corp.*, No. 12-CV-0033-H DHB, 2012 WL 1512106, at *3 (S.D. Cal. Apr. 16, 2012) (quoting *Williams*, 552 F.3d at 939) ("it is a 'rare situation' where granting a motion to dismiss claims under the UCL is appropriate"); *Pelayo*, 989 F. Supp. 2d at 978 (where a court "can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging,

11

dismissal is appropriate"). Here, the Court cannot conclude, as a matter of law, that a reasonable consumer would not be deceived by the "Reef Friendly" label on Defendant's packaging. *See Allred v. Frito-Lay N. Am., Inc.*, No. 17-CV-1345 JLS (BGS), 2018 WL 1185227, at *5 (S.D. Cal. Mar. 7, 2018) ("[t]he Court cannot conclude as a matter of law that a reasonable consumer would not be deceived by the packaging and ingredient list"); *see also Allred v. Frito-Lay N. Am., Inc.*, No. 17-CV-1345 JLS (BGS), 2018 WL 1185227, at *5 (S.D. Cal. Mar. 7, 2018) (holding that "the Court cannot determine at [the motion to dismiss] stage whether the Product's advertising was false or misleading").

Accepting as true all allegations in the FAC, it is plausible that statements on the Products' packaging could deceive a reasonable consumer. Accordingly, the Court concludes that this does not amount to the "rare situation" in which dismissing Plaintiff's UCL, CLRA, and FAL claims is appropriate. *See Williams*, 552 F.3d at 939.

### b. "Unlawful, Unfair, or Fraudulent" under the UCL

As noted previously, the UCL prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice."[2] CAL. BUS. & PROF. CODE §17200. In addition to arguing that their labeling is not deceptive, Defendant contends that Plaintiff's claims also fail under the "unlawful" and "unfair" prongs of the UCL. (Doc. 16–1 at 15–16.)

The FAC alleges that Defendant's business practices violate the unfair prong of the UCL because Defendant's "conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits." (Doc. 19 at 26–27.) Moreover, as discussed in detail *supra*, the FAC contains sufficient allegations that Defendant has made material

---

[2] A business practice is fraudulent pursuant to section 17200 if it is "likely to deceive the public." *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1380 (2012), *as modified on denial of reh'g* (Feb. 24, 2012). Whether or not Defendant's labeling is likely to deceive the public is discussed at length above. (*See supra*, pp. 10–12.)

representations and omissions related to Defendant's Products advertised as "Reef Friendly" and that Defendant's conduct "was and continues to be of no benefit to purchasers of the Products." (*Id.* at 27.)  The FAC also alleges violation of the unlawful prong as Defendant's business practices violate the CLRA and FAL.  (*Id.* at 28.)

In light of the foregoing, the Court finds that Plaintiff's FAC sufficiently alleges "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.  Moreover, Defendant did not show Plaintiff failed to meet the reasonable consumer standard.  Therefore, the Court **DENIES** Defendant's Motion to dismiss Plaintiff's UCL, CLRA, and FAL claims, which are Plaintiff's first, second, and third causes of action.

D.    Breach of Express Warranty

Plaintiff's fourth cause of action alleges breach of express warranty.  (Doc. 13 at 32–33.)  Defendant argues that "Plaintiff's failure to allege a plausible claim of deception is also fatal to her claim[] for breach of express [] warranty" and that this cause of action should be dismissed with prejudice.  (Doc. 16–1 at 18, 23.)

California Commercial Code § 2313 provides that "(a) [a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) [a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  CAL. COM. CODE § 2313.  To plead a claim for breach of express warranty, the plaintiff "must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (Ct. App. 1986).

Plaintiff's FAC alleges that: (1) Defendant expressly warranted on the packaging of the Products that they are "Reef Friendly," (2) Plaintiff and members of the class reasonably and justifiably relied on the express warranty, (3) Defendant breached the express warranty by selling the Products, which contain ingredients that are not reef

13

friendly, and (4)  Plaintiff and members of the class paid a premium price for the Products but did not obtain the full value of the Products as represented."  (Doc. 13 at 33.)  It is Plaintiff's position that, had she and the class members "known of the true nature of the Products, they would not have purchased the Products or would not have been willing to pay the premium price associated with the Products."  (*Id.*)

The Court finds the allegations in the FAC sufficient to state a claim for breach of express warranty.  *See Iqbal*, 556 U.S. at 678.  Therefore, the Court **DENIES** Defendant's Motion to dismiss Plaintiff's fourth cause of action for breach of express warranty.

### E.   Breach of Implied Warranty

Plaintiff's fifth cause of action alleges breach of implied warranty.  (Doc. 13 at 33–34.)  Defendant argues that "Plaintiff has not stated a plausible breach of implied warranty claim" because Plaintiff does not allege the Products are unfit for use "[n]or does she dispute that the sunscreen delivers all of the sun protection advertised on the labeling."  (Doc. 16–1 at 18, 20.)  Rather, Plaintiff alleges "the sunscreen does not conform to the representation that it is 'Reef Friendly.'"  (Doc. 16–1 at 20.)

California Commercial Code § 2314 provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  CAL. COM. CODE § 2314(1).  It also explains that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any."  CAL. COM. CODE § 2314(2)(f).

The FAC alleges that Defendant is a merchant with respect to the sale of sunscreen products and, therefore, a warranty of merchantability is implied in every contract for sale.  (Doc. 13 at 34.)  Moreover, "[b]y advertising the Products with their current labeling, Defendant made a promise on the label of the Products that the Products are 'Reef Friendly.'"  (*Id.*)  However, the Products do not conform to the promises made on the label because the Products are not "Reef Friendly" and contain ingredients harmful to reefs.  (*Id.*)  Thus, Plaintiff explains that, had she and the class members "known that the products were not 'Reef Friendly,' they would not have been willing to pay the premium price associated

14

1    with them or would not have purchased them at all." (*Id.*)

2          The Court find Plaintiff's pleading sufficiently states a claim for relief as the statute

3    provides that goods shall "[c]onform to the promises or affirmations of fact made on the

4    container or label . . . ." Cal. Com. Code § 2314(2)(f); *see White*, 2022 WL 888657, at *3

5    (finding the plaintiff adequately pled breach of implied warranty when alleging contents of

6    product did not conform to the promises made on the packaging and labeling).  Therefore,

7    the Court **DENIES** Defendant's Motion to dismiss Plaintiff's fifth cause of action for

8    breach of implied warranty.

9          F.    Equitable Relief

10         Lastly, Defendant argues that "even if this Court does not dismiss Plaintiff's lawsuit

11   outright, it should nonetheless dismiss her claims to the extent they seek restitution, an

12   injunction, and other equitable relief."  (Doc. 16–1 at 21.)  It is Defendant's position that

13   Plaintiff cannot seek equitable relief under California's consumer protection statutes

14   without establishing that she lacks an adequate remedy at law.  (*Id.* (citing *Sonner v.*

15   *Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).)  Defendant explains that

16   "[s]everal of Plaintiff's claims permit her to recover money damages, and those damages

17   would adequately compensate her for her alleged injury—i.e., the supposed 'price

18   premium' she allegedly paid due to [Defendant's] use of the phrase 'Reef Friendly' on the

19   labeling . . . ."  Thus, Plaintiff is barred from seeking equitable relief.

20         Plaintiff counters that "the gravamen of Plaintiff's claims is that Defendant's

21   marketing and advertising of the Products as 'Reef Friendly' misleads consumers."  (Doc.

22   19 at 28.)  Thus, "[t]he injury to consumers cannot be fully compensated through an award

23   of monetary damages because the Products as currently labeled are deceptive and

24   misleading and injunctive relief is necessary to put a stop to the continuing harm."  (*Id.*)

25   "A legal remedy is not adequate in these circumstances, and it is appropriate to permit

26   Plaintiff to assert the equitable remedy of an injunction."  (*Id.*)

27         Here, the Court finds Plaintiff may lack an adequate legal remedy for future harm

28   such that barring equitable remedies is unjustified at this time.  *See Deras v. Volkswagen*

15

*Group of America, Inc.*, 2018 WL 2267448, at *6 (N.D. Cal. May 17, 2018) (court finding "no bar to the pursuit of alternative remedies at the pleadings stage" where plaintiffs argued legal remedy was inadequate) (citing *Aberin v. Am. Honda Motor Co., Inc.*, 2018 WL 1473085, at *9 (N.D. Cal. Mar. 26, 2018)) (internal quotations omitted).   The main allegation in this action is that the "Reef Friendly" label on Defendant's Products is misleading to consumers because the ingredients in the Products are harmful to reefs. (Doc. 13 at 13, 19.)   Although monetary damages may ultimately fully address Plaintiff's harm, at this stage of the litigation there is "an ongoing, prospective nature to [plaintiff's allegations]" given her contention that she and other future purchasers will continue to be misled.  *Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*, No. 2:17-cv-01515-KJM-AC, 2020 WL 3893395, at *5 (E.D. Cal. July 10, 2020).   Taken together, and viewed in the light most favorable to Plaintiff, the allegations of the FAC are "sufficient to suggest a likelihood of future harm amenable to injunctive relief" such that the Court will not bar equitable relief at this stage of the proceedings.  *See id.*

## IV.   CONCLUSION

Accepting all factual allegations in the FAC as true and construing the pleadings in the light most favorable to Plaintiff, the Court finds Plaintiff's FAC is sufficient to survive Defendant's Motion.  Accordingly, Defendant's Motion (Doc. 16) is **DENIED.**

**IT IS SO ORDERED.**

DATE:  January 26, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

16